UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STUEBING AUTOMATIC
MACHINE COMPANY,
    Plaintiff,

vs.

ALLAN GAVRONSKY, doing
business as MATAMOROS
MACHINE SHOP, et al.,
    Defendants.

Case No. 1:16-cv-576
Dlott, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on the motions to transfer venue (Docs. 11, 14, 23) of pro se defendants Allan Gavronsky and Steve Lerma, and plaintiff's response in opposition (Doc. 19).

Plaintiff Stuebing Automatic Machine Company produces metal calendar slides and calendar hangers. (Doc. 1 at ¶ 10). According to plaintiff, it purchased the assets of the former Stuebing Automatic Machine Company ("Old Stuebing") in July 2012 from shareholders Murray Blumberg and defendant Gavronsky. (*Id.* at ¶ 11). Plaintiff's acquisition of Old Stuebing included goodwill, customer lists, patents, and other trade secrets. (*Id.* at ¶ 12). While defendant Gavronsky was employed by Old Stuebing, he was issued U.S. Patent No. 6,988,330 entitled "CALENDAR SLIDE" ("the Patent"). (*Id.* at ¶ 15). Plaintiff alleges the Patent was assigned to it as part of the July 2012 sale of assets. (*Id.* at ¶ 17). Plaintiff alleges that in 2013, defendant Gavronsky opened Matamoros Machine Shop ("Matamoros") in Texas, purchased metal from the same supplier used by plaintiff and Old Stuebing, manufactured infringing calendar slides ("the accused product"), and sold the accused product, including to plaintiff's customers. (*Id.* at ¶ 21). Plaintiff further alleges that in 2014, defendant Gavronsky sold Matamoros to defendant

Lerma, who continues to manufacture and sell the accused product. (*Id.* at ¶ 22). Plaintiff alleges that the accused product is sold in this judicial district and throughout the United States, including to The Beach Company ("Beach"), which is located in this district. (*Id.* at ¶ 23). Based on these allegations, plaintiff has brought a claim of patent infringement against defendants under 35 U.S.C. § 271(a). (*Id.* at ¶¶ 34-38).

Defendants move for transfer of this case to the Southern District of Texas. (Doc. 11 at 2; Doc. 14 at 2; Doc. 23 at 2). Defendants assert that they are both residents in the Southern District of Texas, defendant Lerma operates Matamoros in that district, and any alleged patent infringement occurred in that district. (*Id.*). They contend that a jury trial in this case would require the jury to visit Matamoros "and see the machines being used which predate the patent by ninety (90) years." (*Id.*). They argue that their counterclaims premised on a violation of the Texas Deceptive Trade Practices Act ("TDTPA") can be more easily adjudicated in the Southern District of Texas because that court would be more familiar with Texas law.[1] (*Id.*).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court has discretion whether to transfer venue. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The exercise of this discretion involves evaluating "both the convenience of the parties and various public-interest considerations," which means that, "[o]rdinarily, the district court . . . weigh[s] the relevant factors and decide[s] whether, on balance, a transfer would serve the 'convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl.*

---

[1] Plaintiff's motions to dismiss defendants' counterclaims under the TDTPA (Docs. 17 and 18) are still pending in this Court.

*Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S.Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)).

As the Sixth Circuit has explained, a district court deciding whether to transfer a case "should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). Public interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Ibid.* The Court must also give some weight to the plaintiffs' choice of forum. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

*Atl. Marine Constr. Co., Inc.*, 134 S.Ct. at 581 n.6. While there is no comprehensive list of factors to be considered, courts generally look at the following factors:

> (1) convenience of the witnesses; (2) availability of judicial process to compel the attendance of unwilling or uncooperative witnesses; (3) location of the relevant documents or records, and the relative ease of access to sources of proof; (4) residence and convenience of the parties; (5) relative financial means and resources of the parties; (6) locus of the operative facts and events that gave rise to the dispute or lawsuit; (7) each judicial forum's familiarity with the governing law; (8) the deference and weight accorded to the plaintiff's choice of forum; and (9) trial efficiency, fairness, and the interests of justice based on the totality of the circumstances.

*Roxane Labs., Inc. v. Camber Pharm., Inc.*, No. 2:14-cv-232, 2014 WL 2812867, at *2 (S.D. Ohio Jun. 23, 2014) (quoting *Mardini v. Presidio Developers, LLC*, No. 3:08-cv-291, 2011 WL 111245, at *6-7 (E.D. Tenn. Jan. 13, 2011)). "As the movants, Defendants bear the burden of

3

demonstrating that the balance of factors strongly favors transfer." *Id.* (citing *Mardini*, 2011 WL 111245, at *6-7).

"Transfer is wholly inappropriate if it merely shifts the burden of inconvenience." *Id.* (citing *Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816, 821-22 (S.D. Ohio 2000)). "There is thus a strong presumption in favor of a plaintiff's choice of forum that 'may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.'" *Id.* (quoting *Piper Aircraft Co.*, 454 U.S. at 255). "A plaintiff's choice of forum is given little weight, however, where none of the conduct complained of occurred in the forum selected by the plaintiff." *Id.* (quoting *Keybanc Capital Mkts. v. Alpine Biomed Corp.*, No. 1:07-cv-1227, 2008 WL 828080, at *7 (N.D. Ohio Mar. 26, 2008)) (internal quotation marks omitted).

*Convenience of Witnesses*

Defendants have not identified any potential witnesses for whom Texas would be a more convenient forum. (*See* Doc. 11 at 2; Doc. 14 at 2). Plaintiff indicates that it will call a witness from Beach in Coshocton, Ohio who will testify that Beach purchased the accused product from defendants in this judicial district. (Doc. 19 at 4). Thus, on the information presently before the Court, this factor weighs in favor of venue remaining in this Court.

*Location of Relevant Documents or Sources of Proof*

Defendants indicate that the machines on which the accused product is manufactured are located in Texas, but they have not provided the Court with any reason to believe that it would be necessary for a potential jury to see these machines in person rather than by video or photographic evidence that could be admitted in either forum. However, the Court notes that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused

4

infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). Nevertheless, defendants as the moving party bear the burden of demonstrating that the balance of factors strongly favors transfer. *Roxane Labs, Inc.*, 2014 WL 2812867, at *2. In *Genentech, Inc.*, the movants met this burden by informing "the district court that all of [their] corporate documents relating to the development, manufacturing, and marketing of . . . the . . . accused infringing products are housed in . . . the transferee venue." *Genentech, Inc.*, 566 F.3d at 1345. In contrast, defendants here have provided the Court with no information regarding the location of such documents. On the other hand, plaintiff represents that "[w]hile the Accused Products may have been manufactured in Texas, the invention claimed in the patent-in-suit was conceived, reduced to practice, and the patent application prosecuted in this District." (Doc. 19 at 5). Defendants have not disputed plaintiff's representation. Thus, plaintiff has informed the Court that relevant documents exist in this district, but defendants have not provided any contrary information concerning the existence of relevant documents in Texas. Accordingly, defendants have failed to meet their burden of proof and this factor weighs in favor of venue remaining in this district.

*Residence and Convenience of the Parties*

Defendants are residents of Texas. Plaintiff is a company located in this judicial district. Thus, this factor is neutral as each of the potential venues is convenient to one party and inconvenient to the other.

5

*Relative Financial Means and Resources of the Parties*

The parties have not provided the Court with any information concerning their relative financial means and resources. Thus, on the information presently before the Court, this factor is neutral.

*Locus of the Operative Facts*

Defendants assert, and plaintiff does not dispute, that the accused product is manufactured in Texas. Plaintiff argues that while the accused product is manufactured in Texas, it has been sold to at least one customer in this district. (Doc. 19 at 5-6). The Court notes that "in patent suits, the forum which is the center of the accused activity is the preferred forum." *Roxane Labs, Inc.*, 2014 WL 2812867, at *4 (internal quotation marks omitted) (quoting *Indus. Quick Search, Inc. v. Google, Inc.*, No. 1:13-cv-770, 2014 WL 1846886, at *1 (W.D. Mich. May 8, 2014)). Further, courts have noted:

> In a patent infringement case, practicality and convenience are best served when it is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the trial techniques employed in the patent field.

*Id.* (quoting *William M. Yarbrough Found. v. Garcoa Labs., Inc.*, No. 1:11-cv-907, 2013 WL 4068176, at *4 (W.D. Mich. Aug. 12, 2013)). However, plaintiff argues that the conception, reduction to practice, and prosecution of the patents-in-suit are also relevant operative facts that occurred in this district. (Doc. 19 at 5). Defendants have not disputed this.

In sum, the parties have informed the Court that some of the operative facts are located in Texas and some are located in this district. However, the parties have not provided the Court with any information to gauge the relative weight and importance of the operative facts located in each district. Thus, on the information presently before the Court, this factor is neutral.

*Familiarity with Governing Law*

Both forums are equally capable of adjudicating federal patent law claims. Thus, this factor is neutral.

*Plaintiff's Choice of Forum*

This factor weighs in favor of venue remaining in this Court.

*Trial Efficiency, Fairness, and the Interests of Justice*

Fairness and local interest weigh in favor of transfer. This is because "[w]hen a patent infringement case calls into question the work and reputation of individuals residing in a particular district, the local interest factor weighs in favor of transfer to that district." *Roxane Labs, Inc.*, 2014 WL 2812867, at *5 (citing *William M. Yarbrough Found.*, 2013 WL 4068176, at *7 ("Because this patent infringement action calls into question the work and reputation of individuals residing in the Central District of California, this factor weighs in favor of transfer to that district.")). The remaining considerations in this category are neutral on the information presently before the Court.

*Conclusion*

Based on the foregoing, the overwhelming majority of factors is neutral or weighs in favor of venue remaining in this district. Thus, defendants have failed to meet their burden of showing that the factors strongly favor transfer. *See Roxane Labs, Inc.*, 2014 WL 2812867, at *2. Accordingly, defendants' motions to transfer venue (Docs. 11, 14, and 23) are **DENIED**.

**IT IS SO ORDERED.**

Date: 12/16/16

Karen L. Litkovitz
United States Magistrate Judge