# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

STUEBING AUTOMATIC
MACHINE COMPANY,
    Plaintiff,

    vs.

ALLAN GAVRONSKY, doing
business as MATAMOROS
MACHINE SHOP, et al.,
    Defendants.

Case No. 1:16-cv-576
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

This matter is before the Court on pro se defendant Allan Gavronsky's motion for leave to file an amended counterclaim (Doc. 22).[1]  This matter is also before the Court on plaintiff's motion to strike the amended counterclaim (Doc. 26) to which defendant Gavronsky has not filed a response.

Defendant Gavronsky filed his answer and counterclaim in this patent infringement action on August 1, 2016.  (Doc. 14).  His counterclaim was premised on plaintiff's alleged violation of the Texas Deceptive Trade Practices Act's prohibition against bad faith claims of patent infringement, Tex. Bus. & Com. Code § 17.952.[2]  (*Id.* at 3-5).  On August 11, 2016, plaintiff moved to dismiss defendant Gavronsky's counterclaim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  (Doc. 17).  On September 16, 2016, defendant Gavronsky filed the proposed amended counterclaim, which purports to assert additional claims against plaintiff. (*See* Doc. 22).

---

[1] Defendant Gavronsky titles this document, in relevant part, "Amended Counterclaim."  As explained below, the Court construes this as a motion for leave to amend his counterclaim.

[2] Defendant Gavronsky alleges that he is a resident of Texas and that any alleged patent infringement occurred in Texas.  (Doc. 14 at 2).

Plaintiff has moved to strike defendant Gavronsky's amended counterclaim. (Doc. 26). Plaintiff argues the amended counterclaim is untimely because it was filed more than 21 days after plaintiff's motion to dismiss and defendant Gavronsky did not seek leave to amend from the Court. (Doc. 26-1 at 2). In the alternative, plaintiff contends that even if the Court construes the document as a motion for leave to amend, that motion should be denied because amendment would be futile. (*Id.* at 3). Plaintiff argues that defendant Gavronsky's proposed amended counterclaim is not well-pleaded under the standards set forth in Fed. R. Civ. P. 8 and 10, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). (*Id.* at 3-4). Specifically, plaintiff contends the three unnumbered paragraphs in the proposed amended counterclaim do "not purport to state a legal theory" and "are simply 'unadorned, the-[plaintiff]-unlawfully-harmed-me accusation[s].'" (*Id.* at 4) (quoting *Iqbal*, 556 U.S. at 678). Defendant Gavronsky has not responded to plaintiff's motion.

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). . . ." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court must consider several factors in determining whether to permit an amendment: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of the amendment. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677).

Construing defendant Gavronsky's pro se filing liberally, the Court determines that it constitutes a motion for leave to amend his counterclaim.  Thus, the Court denies plaintiff's motion to strike.  However, the Court also denies defendant Gavronsky leave to amend his counterclaim because the amendment he seeks is futile.  Defendant Gavronsky's proposed amended counterclaim makes general allegations of bad faith and malice on the part of plaintiff and claims that plaintiff has had him followed by private investigators. (*See* Doc. 22 at 3-4). These allegations as currently pled fail to identify the legal basis for an independent claim against plaintiff. (*See id.*).  Further, defendant Gavronsky's allegations of bad faith and malice are conclusory.  Defendant Gavronsky has failed to allege any facts from which the Court could plausibly infer that plaintiff has violated his rights and is liable for the alleged misconduct.[3] *Iqbal*, 556 U.S. at 677.

Defendant Gavronsky also alleges that when he separated from employment with plaintiff, plaintiff "insisted that he sign a non-compete clause for ten (10) years for all of North

---

[3] To the extent defendant Gavronsky asserts that plaintiff's lawsuit is based on "patents that are bogus on their face," it appears defendant Gavronsky may be asserting a defense of patent invalidity, which he also appears to assert in the "specific denial" section of his pleading, and not an independent claim for relief. (Doc. 22 at 3).

America, in order to restrain trade and in violation of the Sherman Antitrust Act." (Doc. 22 at 4). For a private party to have standing to bring a federal antitrust claim, he must plead an antitrust injury. *See Dodge Data & Analytics LLC v. iSqFt, Inc.*, ___ F. Supp.3d ___, 2016 WL 1702326, at *2-3 (S.D. Ohio 2016). *See also In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 909 n.15 (6th Cir. 2003). "Antitrust injury is (1) injury of the type the antitrust laws were intended to prevent and (2) injury that flows from that which makes defendants' acts unlawful." *Id.* at 909 (internal quotations omitted) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)). "[B]ecause the purpose of the antitrust laws is to protect competition rather than competitors, a [party] must allege injury, not only to himself, but to a relevant market. Thus, failure to allege an anti-competitive impact on a relevant market amounts to a failure to allege an antitrust injury." *Brown Shoe Co. v. United States*, 370 U.S. 294, 320 (1962). A party "must put forth factual allegations plausibly suggesting that there has been an adverse effect on prices, output, or quality of goods in the relevant market as a result of the challenged actions." *Guinn v. Mount Carmel Health*, No. 2:09-cv-226, 2012 WL 628519, at *4 (S.D. Ohio Feb. 27, 2012) (citing *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 31 (1984); *Capital Imaging Assocs. v. Mohawk Valley Med. Assocs.*, 996 F.2d 537, 541 (2d Cir. 1993)). Here, defendant Gavronsky's bare allegation that the non-compete clause he signed with plaintiff restrained trade and violated federal antitrust law fails to set forth sufficient factual allegations of an antitrust injury. *See id.* Thus, defendant Gavronsky's proposed amended counterclaim as currently pled does not establish standing to bring an antitrust claim and, thus, the proposed amendment is futile.

Based on the foregoing, plaintiff's motion to strike (Doc. 26) is **DENIED**.  Further, it is **RECOMMENDED** that defendant Gavronsky's motion for leave to file an amended counterclaim (Doc. 22) be **DENIED**.

Date:  _12/19/16_

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STUEBING AUTOMATIC
MACHINE COMPANY,
    Plaintiff,

vs.

ALLAN GAVRONSKY, doing
business as MATAMOROS
MACHINE SHOP, et al.,
    Defendants.

Case No. 1:16-cv-576
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).