UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| STUEBING AUTOMATIC MACHINE COMPANY,<br>Plaintiff, | Case No. 1:16-cv-576<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| ALLAN GAVRONSKY, doing business as MATAMOROS MACHINE SHOP, et al.,<br>Defendants. | **REPORT AND RECOMMENDATION** |

This matter is before the Court on plaintiff Stuebing Automatic Machine Company's motions to dismiss the counterclaims of pro se defendants Allan Gavronsky and Steve Lerma. (Docs. 17 and 18). Defendants have not filed responses to the motions to dismiss.

## I. Background

Plaintiff produces metal calendar slides and calendar hangers. (Doc. 1 at ¶ 10). According to plaintiff, it purchased the assets of the former Stuebing Automatic Machine Company ("Old Stuebing") in July 2012 from shareholders Murray Blumberg and defendant Gavronsky. (*Id.* at ¶ 11). Plaintiff's acquisition of Old Stuebing included goodwill, customer lists, patents, and other trade secrets. (*Id.* at ¶ 12). While defendant Gavronsky was employed by Old Stuebing, he was issued U.S. Patent No. 6,988,330 entitled "CALENDAR SLIDE" ("the Patent"). (*Id.* at ¶ 15). Plaintiff alleges the Patent was assigned to it as part of the July 2012 sale of assets. (*Id.* at ¶ 17). Plaintiff alleges that in 2013, defendant Gavronsky opened Matamoros Machine Shop ("Matamoros") in Texas, purchased metal from the same supplier used by plaintiff and Old Stuebing, manufactured infringing calendar slides ("the accused product"), and sold the accused product, including to plaintiff's customers. (*Id.* at ¶ 21). Plaintiff further

alleges that in 2014, defendant Gavronsky sold Matamoros to defendant Lerma, who continues to manufacture and sell the accused product. (*Id.* at ¶ 22). Based on these allegations, plaintiff has brought a claim of patent infringement against defendants under 35 U.S.C. § 271(a). (*Id.* at ¶¶ 34-38).

Defendants each filed a counterclaim premised on plaintiff's alleged violation of the Texas Deceptive Trade Practices Act's prohibition against bad faith claims of patent infringement, Tex. Bus. & Com. Code § 17.952.[1] (Doc. 10 at 3-5; Doc. 15 at 3-5). Defendant Gavronsky's counterclaim also alleges that when he separated from employment with plaintiff, plaintiff "insisted that he sign a non-compete clause for ten (10) years for all of North America, in order to restrain trade and in violation of the Sherman Antitrust Act." (Doc. 15 at 5).

## II. Plaintiff's Motions to Dismiss

Plaintiff moves to dismiss the counterclaims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 17 at 1; Doc. 18 at 1). Plaintiff argues that under Texas law, actions premised on bad faith claims of patent infringement must be brought by the Texas Attorney General. Further, plaintiff contends that Texas law prohibits private causes of action premised on bad faith claims of patent infringement. (Doc. 17-1 at 2-4; Doc. 18-1 at 2-4).

Defendants have not responded to the motions to dismiss.

## III. Legal Standard

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The ground for relief must entail more than "labels and conclusions, and a formulaic recitation of the

---

[1] Defendants allege that they are residents of Texas.

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A party has satisfied Rule 12(b)(6) if he has pled enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

### IV. Resolution

*Bad Faith Claims of Patent Infringement*

Under Texas law, "[a] person may not send to an end user located or doing business in [Texas] a written or electronic communication that is a bad faith claim of patent infringement." Tex. Bus. & Com. Code § 17.952(a). Further, Texas law provides: "If the attorney general believes that a person has violated or is violating Section 17.952, the attorney general may bring an action on behalf of the state to enjoin the person from violating that section." *Id.* § 17.953(a). However, Texas law provides that it "does not create a private cause of action for a violation of Section 17.952." *Id.* § 17.955.

Here, Texas law does not permit defendants to bring in this private action counterclaims premised on plaintiff's alleged bad faith claims of patent infringement. *See* Tex. Bus. & Com. Code § 17.955. Thus, dismissal of those counterclaims is appropriate.

*Antitrust*

For a private party to have standing to bring a federal antitrust claim, he must plead an antitrust injury. *See Dodge Data & Analytics LLC v. iSqFt, Inc.*, ___ F. Supp.3d ___, 2016 WL

3

1702326, at *2-3 (S.D. Ohio 2016). *See also In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 909 n.15 (6th Cir. 2003). "Antitrust injury is (1) injury of the type the antitrust laws were intended to prevent and (2) injury that flows from that which makes defendants' acts unlawful." *Id.* at 909 (internal quotations omitted) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)). "[B]ecause the purpose of the antitrust laws is to protect competition rather than competitors, a [party] must allege injury, not only to himself, but to a relevant market. Thus, failure to allege an anti-competitive impact on a relevant market amounts to a failure to allege an antitrust injury." *Brown Shoe Co. v. United States*, 370 U.S. 294, 320 (1962). A party "must put forth factual allegations plausibly suggesting that there has been an adverse effect on prices, output, or quality of goods in the relevant market as a result of the challenged actions." *Guinn v. Mount Carmel Health*, No. 2:09-cv-226, 2012 WL 628519, at *4 (S.D. Ohio Feb. 27, 2012) (citing *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 31 (1984); *Capital Imaging Assocs. v. Mohawk Valley Med. Assocs.*, 996 F.2d 537, 541 (2d Cir. 1993)).

Here, defendant Gavronsky's bare allegation that the non-compete clause he signed with plaintiff restrained trade and violated federal antitrust law fails to set forth sufficient factual allegations of an antitrust injury. *See id.* Thus, defendant Gavronsky's counterclaim fails to allege a claim for relief under the antitrust laws and should be dismissed.

## V. Conclusion

Based on the foregoing, it is **RECOMMENDED** that plaintiff's motions to dismiss defendants' counterclaims (Docs. 17 and 18) be **GRANTED**.

Date: 12/20/16

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STUEBING AUTOMATIC
MACHINE COMPANY,
    Plaintiff,

vs.

ALLAN GAVRONSKY, doing
business as MATAMOROS
MACHINE SHOP, et al.,
    Defendants.

Case No. 1:16-cv-576
Dlott, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).